**F I L E D**

**UNITED STATES COURT OF APPEALS**

**DEC 28 2000**

**TENTH CIRCUIT**

CARL C. BOWLES,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA and
R. E. HOLT, Warden,

      Respondents-Appellees.

Nos. 00-1278
00-1322
(D.C. No. 00-Z-277)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Carl Bowles, a federal prisoner incarcerated since 1965, brought a pro se

petition under 28 U.S.C. § 2241 challenging his continued imprisonment on

several grounds. After Mr. Bowles filed an amended petition, a federal

magistrate judge ruled that it failed to comply with Fed. R. Civ. P. 8(a) and

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

directed Mr. Bowles to file a second amended petition setting out a short, plain statement of each claim showing that he is entitled to relief. Mr. Bowles then filed a second amended petition, which the district court dismissed sua sponte without seeking a response from defendants. The complaint was dismissed without prejudice. The court ruled that one claim appeared to attack the validity of his federal conviction and sentence in California and must therefore be brought pursuant to 28 U.S.C. § 2255 in the district where sentence was imposed. The court dismissed the remaining three claims for failure to comply with Rule 8, pointing out that they were not supported by specific factual allegations, but were instead either vague and conclusory allegations or references to other documents whose relevance was not explained. Mr. Bowles appeals, and we affirm in part and reverse in part.

As the district judge recognized,

> [a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In the fourth claim of Mr. Bowles' second amended petition, he alleges that respondents have illegally

restrained him past his mandatory parole date by classifying him as having a mental problem such that he would create a substantial risk of bodily injury to others, have illegally ordered a mental health examination for him without due process, and have failed to comply with the due process requirements of 18 U.S.C. § 4247. *See* rec., vol. I, doc. 15 at 8. In other material before the district court, Mr. Bowles alleges that 18 U.S.C. §§ 4246-47 and federal regulations establish procedures applicable in these circumstances which respondents did not follow. *See id.* doc. 16 (memorandum in support of motion for mental health examination) & exs. 1 & 3.

Although we of course express no opinion on the merits of these allegations, liberally construed they allege the denial of liberty without due process and therefore satisfy Rule 8 when viewed under the liberal pleading standards applied to pro se litigants. Accordingly we reverse the dismissal of this claim and remand for further proceedings.[1] We agree with the district court's disposition of Mr. Bowles' other three claims and therefore affirm their dismissal without prejudice.

---

[1] We grant Mr. Bowles' application to proceed in forma pauperis on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge